IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER SEABOLT,

      Plaintiff,

v.

                                Civil Action No. 2:10-0358
                                (Judge John T. Copenhaver)

YAMAHA MOTOR CORPORATION,
U.S.A., a foreign corporation; YAMAHA
MOTOR MANUFACTURING
CORPORATION OF AMERICA, a
foreign corporation; YAMAHA MOTOR
CO., LTD., an international foreign
corporation,

      Defendants.

**DEFENDANT YAMAHA MOTOR CORPORATION,
U.S.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

      Defendant Yamaha Motor Corporation, U.S.A. ("YMUS"), without waiving its right to contest personal jurisdiction over it in this matter, hereby responds to Plaintiff's Complaint as follows:

      Each and every allegation in the Complaint not expressly admitted herein is denied.

**Parties**

      1.    YMUS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint. As a consequence, YMUS denies the allegations contained in Paragraph 1 and demands strict proof at the time of trial.

2.     YMUS admits it is a California corporation.  The remaining allegations contained in Paragraph 2 are legal conclusions and, therefore, no response is required.

3.     Paragraph 3 is directed at a Defendant other than YMUS, therefore, no response is required.

4.     Paragraph 4 is directed at a Defendant other than YMUS, therefore, no response is required.

### Jurisdiction and Venue

5.     The allegations contained in Paragraph 5 are legal conclusions to which no response is required.

### Factual Background Concerning the Yamaha 700EFI Rhino

6.     YMUS admits only that it markets and distributes the Rhino side by side in the United States, and that it had some involvement in the development, testing, labeling, advertisements, and promotion of the Rhino side by side.  YMUS denies the remaining allegations of Paragraph 6.  To the extent Paragraph 6 contains allegations against other Defendants, no response is required.

7.     YMUS denies the allegations in Paragraph 7.  To the extent the allegations are directed at Defendants other than YMUS, no response is required.

8.     YMUS denies the allegations in Paragraph 8.  To the extent the allegations are directed at Defendants other than YMUS, no response is required.

9.     YMUS denies the allegations in Paragraph 9.  To the extent the allegations are directed at Defendants other than YMUS, no response is required.

10.    YMUS denies the allegations in Paragraph 10.  To the extent the allegations are directed at Defendants other than YMUS, no response is required.

11.   YMUS denies the allegations in Paragraph 11.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

12.   YMUS denies the allegations in Paragraph 12.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

13.   YMUS admits that the Rhino side by side vehicles came with seatbelts, a roll cage, bucket seats and a steering wheel.   YMUS denies the remaining allegations in Paragraph 13 to the extent they are directed at it.   To the extent they are directed at another Defendant, no response is required.

14.   YMUS admits only that it markets the Rhino in the United States.   YMUS further avers that the unidentified advertisements speak for themselves.   YMUS denies the remaining allegations in Paragraph 14 to the extent they are directed at it.   To the extent they are directed at another Defendant, no response is required.

15.   YMUS admits only that some Yamaha Rhino side by side vehicle users claim to have been injured.   YMUS denies the remaining allegations of Paragraph 15.   To the extent they are directed at another Defendant, no response is required.

16.   YMUS denies the allegations in Paragraph 16.   By way of further response, YMUS states that for a limited and short period of time, Yamaha Motor France ("YMF"), without YMUS's advance knowledge or approval, sold Yamaha Rhinos with a diagonal bar.   YMUS did not design, test or approve of the bar.

17.   YMUS denies the allegations in Paragraph 17.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

18.   YMUS denies the allegations in Paragraph 18.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

19.   YMUS denies the allegations in Paragraph 19.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

20.   YMUS states that the Rhino is a safe and stable vehicle.   YMUS denies the remaining allegations in Paragraph 20.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

21.   YMUS denies the allegations in Paragraph 21.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

22.   YMUS denies the allegations in Paragraph 22 to the extent they are directed at it.   To the extent they are directed at another Defendant, no response is required.

23.   YMUS denies the allegations in Paragraph 23 to the extent they are directed at it.   To the extent they are directed at another Defendant, no response is required.

24.   YMUS admits that in September 2006, YMUS mailed additional on-product safety warning labels to all registered owners of Rhino off-road vehicles.   YMUS avers that the letter and warning speaks for themselves.   To the extent any of the allegations contained in this paragraph are contrary to the specific contents of the letter, same are denied.   YMUS denies the remaining allegations of Paragraph 24 to the extent they are directed at it.   To the extent they are directed at another Defendant, no response is required.

25.   YMUS denies the allegations in Paragraph 25 to the extent they are directed at it.   To the extent they are directed at another Defendant, no response is required.

26.   YMUS states Yamaha Rhino off-road vehicles are reasonably designed.   YMUS denies the remaining allegations in Paragraph 26 to the extent they suggest otherwise.   To the extent the allegations are directed at Defendants other than YMUS, no response is required.

4

27.   YMUS denies the allegations in Paragraph 27 to the extent they are directed at it.   To the extent they are directed at another Defendant, no response is required.

28.   YMUS admits only that in August of 2007 a letter was sent to registered Rhino owners offering to install doors and additional passenger handholds free of charge.   YMUS denies the remaining allegations directed at it.   To the extent they are directed at another Defendant, no response is required.

### Facts Related to Christopher Seabolt's Injury

29.   YMUS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.   As a consequence, YMUS denies the allegations contained in Paragraph 29 and demands strict proof at the time of trial.

30.   YMUS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.   As a consequence, YMUS denies the allegations contained in Paragraph 30 and demands strict proof at the time of trial.

31.   YMUS denies the allegations of Paragraph 31.

32.   YMUS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.   As a consequence, YMUS denies the allegations contained in Paragraph 32 and demands strict proof at the time of trial.

33.   YMUS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.   As a consequence, YMUS denies the allegations contained in Paragraph 33 and demands strict proof at the time of trial.

34.   YMUS states that Rhino off-road vehicles are appropriately designed and tested.   The allegations of Paragraph 34 are legal conclusions to which no response is required.   To the extent a response is required, YMUS denies the allegations in Paragraph 34 and Paragraphs (a) – (i).

5

## COUNT ONE
### Strict Liability and Products Liability

35.    In response to Paragraph 35 of Plaintiff's Complaint, YMUS herein incorporates by reference its previous responses.

36.    YMUS denies the allegations in Paragraph 36 to the extent they are directed at it.  To the extent they are directed at another Defendant, no response is required.

37.    YMUS denies the allegations in Paragraph 37 to the extent they are directed at it.  To the extent they are directed at another Defendant, no response is required.

38.    YMUS denies the allegations in Paragraph 38 to the extent they are directed at it.  To the extent they are directed at another Defendant, no response is required.

39.    YMUS denies the allegations in Paragraph 39 to the extent they are directed at it.  To the extent they are directed at another Defendant, no response is required.

40.    YMUS denies the allegations in Paragraph 40 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

## COUNT TWO
### Negligence

41.    In response to Paragraph 41 of Plaintiff's Complaint, YMUS herein incorporates by reference its previous responses.

42.    YMUS admits that it owes only those duties imposed by the law.  YMUS denies the remaining allegations of Paragraph 42 to the extent they are directed at it.  To the extent they are directed at another Defendant, no response is required.

43.    YMUS denies the allegations in Paragraph 43 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

6

44.    YMUS denies the allegations in Paragraph 44 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

45.    YMUS denies the allegations in Paragraph 45 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

## COUNT THREE
## Breach of Warranties

46.    In response to Paragraph 46 of Plaintiff's Complaint, YMUS herein incorporates by reference its previous responses.

47.    The allegations of Paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, YMUS admits only to those warranties implied by law and denies any allegation contrary to which the law requires.  YMUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 concerning what warranties Plaintiff relied on, if any.  YMUS denies the remaining allegations in the Paragraph 47 to the extent directed at it.  To the extent the allegations of Paragraph 47 are directed at another Defendant, no response is required.

48.    The allegations of Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, YMUS admits only to those warranties implied by law and denies any allegation contrary to which the law requires.  YMUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 concerning what warranties Plaintiff relied on, if any.  YMUS denies the remaining allegations in Paragraph 48 to the extent directed at it.  To the extent the allegations of Paragraph 48 are directed at another Defendant, no response is required.

49.    YMUS denies the allegations contained in Paragraph 49 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

50.   YMUS denies the allegations contained in Paragraph 50 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

51.   The allegations of Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, YMUS denies the allegations in Paragraph 51 of the Complaint.

## COUNT FOUR
### Fraud, Concealment, and/or Misrepresentation

52.   In response to Paragraph 52 of Plaintiff's Complaint, YMUS herein incorporates by reference its previous responses.

53.   YMUS states that the Rhino off-road vehicles is a "safe, stable off-road vehicle" when used properly.  YMUS denies the remaining allegations contained in Paragraph 53 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

54.   YMUS denies the allegations contained in Paragraph 54 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

55.   YMUS denies the allegations contained in Paragraph 55 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

56.   YMUS denies the allegations contained in Paragraph 56 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

57.   YMUS denies the allegations contained in Paragraph 57 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

58.   YMUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.  As a consequence, YMUS denies the allegations contained in Paragraph 58 and demands strict proof at the time of trial.  To the extent the allegations of Paragraph 58 are directed at another Defendant, no response is required.

59.   YMUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 concerning what representations Plaintiff relied on, if any. As a consequence, YMUS denies the allegations contained in Paragraph 59 and demands strict proof at the time of trial.  To the extent they are directed at another Defendant, no response is required.

60.   The allegations of Paragraph 60 are legal conclusions to which no response is required. To the extent a response is required, YMUS denies the allegations in Paragraph 60 of the Complaint.

## COUNT FOUR
### Punitive Damages

61.   In response to Paragraph 61 of Plaintiff's Complaint, YMUS herein incorporates by reference its previous responses.

62.   YMUS denies the allegations in Paragraph 62 to the extent directed at it.  To the extent they are directed at another Defendant, no response is required.

63.   YMUS denies that Plaintiff is entitled to any of the relief sought in the wherefore clause of his Complaint.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations of the Complaint, YMUS asserts the following affirmative defenses in further response thereto:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's causes of action are barred by the applicable statute of limitations and statute of repose.

3.     Plaintiff's alleged injuries were caused by Plaintiff or by a party or person other than YMUS.

9

4.      Plaintiff's alleged injuries were caused by the preceding, intervening, or superseding acts, faults and negligence of others.

5.      Plaintiff proximately caused or contributed to, by reason of an act(s) or omission(s), the alleged injury and/or damages sufficient to warrant application of the doctrine of the assumption of the risk, thereby barring recovery against YMUS.

6.      YMUS denies that there existed, at any time material to this action, any implied warranties, except those imposed by law.

7.      Plaintiff's injuries and/or damages were caused by the fault, negligence and carelessness of others in that they failed to use the product as reasonably anticipated, and otherwise failed to use ordinary care and caution.

8.      Plaintiff failed to mitigate damages.

9.      YMUS states that any product or component distributed by it was reasonably safe for its intended use and was not defective in any manner.

10.     YMUS states that any product or component alleged by Plaintiff to have been distributed by it may have been substantially altered or changed in some manner after it left the custody of YMUS.

11.     No privity of contract existed between Plaintiff and YMUS.

12.     Plaintiff's claims are barred because YMUS was not provided a reasonable opportunity to cure the alleged defect(s) in the equipment at issue before Plaintiff filed suit.

13.     Plaintiff's causes of action may be barred by the principles of release, laches, estoppel, and waiver.

14.     YMUS discharged, according to law and due care, each and every duty, if any, which it may have owed Plaintiff.

15.     Plaintiff's allegations with respect to causation and damages are speculative.

16.     YMUS relies on comment k of Section 402A of the Restatement (Second) of Torts to the extent it is applicable to any of the allegations in Plaintiff's Complaint.

17.     At all times YMUS complied with all laws, applicable regulations, and standards.

18.     The product referenced in the Complaint was subject to the various acts, laws, standards, rules and regulations of the United States Government and, as such, the claims set forth in the Complaint are preempted by federal law.

19.     YMUS reserves the defense of spoliation of evidence.

20.     YMUS is entitled to a credit in the amount of any settlement(s) between Plaintiff and other parties for alleged injuries and damages heretofore or hereafter made.

21.     Plaintiff's comparative negligence may have caused, in whole or in part, the injuries and/or damages alleged, thus, barring or limiting their right to recover damages.

22.     YMUS relies on the terms of the written warranty given to the first retail purchaser of the Yamaha Rhino that is the subject of Plaintiff's Complaint.

23.     Plaintiff's Complaint should be dismissed because Plaintiff failed to join a necessary and indispensable party, including but not limited to the operator of the subject vehicle at the time of Plaintiff's alleged injury.

24.     Plaintiff failed to allege facts from which it can reasonably be inferred that YMUS acted with reckless indifference to or conscious disregard for the safety of others sufficient to warrant punitive damages.

25.     Insofar as Plaintiff seeks recovery of punitive damages, his claims are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the Constitution of the United

States of America, the West Virginia Constitution, or any law determined to be applicable in this matter.

26.    Plaintiff is not entitled to recover from YMUS because Plaintiff, his agents or intervening third parties, had virtually the same, if not the same, notice and knowledge as YMUS with respect to the alleged hazard.

27.    If transferred into MDL 2016, Kentucky law may not apply in this case.  YMUS hereby gives notice that it intends to rely on and reserves its right to assert such other or related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Kentucky, or in the event it becomes apparent that the facts on which the action is premised lack any necessary nexus to Kentucky.

28.    YMUS reserves the right to challenge venue in this matter.

29.    Plaintiff's claim for punitive damages may be barred because punitive damages are not recoverable under Plaintiff's strict liability and breach of warranty causes of actions against YMUS.

30.    YMUS hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserve their right to amend its Answer and Affirmative Defenses to assert any such defense.

31.    YMUS requests a trial by jury on all claims raised in Plaintiff's Complaint.

WHEREFORE, Yamaha Motor Corporation, U.S.A., having fully answered Plaintiff's Complaint, demands that Plaintiff's Complaint be dismissed with prejudice; that it be entitled judgment in its favor and its costs herein expended; trial by jury; and any and all other relief to which it may be entitled.

Dated on this the 25th day of March, 2010.

                    Respectfully submitted,

                    YAMAHA MOTOR CORPORATION, U.S.A.,

                    Defendant,

                    BY COUNSEL:

_____
DAVID B. THOMAS (WV Bar No. 3731)
PHILIP J. COMBS (WV Bar No. 6056)
ZACKARY B. MAZEY (WV Bar No. 10027)
NICHOLAS S. JOHNSON (WV Bar No. 10272)
ALLEN GUTHRIE & THOMAS, PLLC
500 Lee Street, East, Suite 800
P. O. Box 3394
Charleston, WV  25333-3394
(304)345-7250

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER SEABOLT,

     Plaintiff,

v.                                  Civil Action No. 2:10-0358
                                  (Judge John T. Copenhaver)

YAMAHA MOTOR CORPORATION,
U.S.A., a foreign corporation; YAMAHA
MOTOR MANUFACTURING
CORPORATION OF AMERICA, a
foreign corporation; YAMAHA MOTOR
CO., LTD., an international foreign
corporation,

     Defendants.

## CERTIFICATE OF SERVICE

I, Zackary B. Mazey, counsel for Defendant Yamaha Motor Corporation, U.S.A., hereby certify that on the 25th day of March, 2010, I electronically filed **"Defendant Yamaha Motor Corporation, U.S.A.'s Answer to Plaintiff's Complaint"** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Robert V. Berthold, Jr.
Robert V. Berthold, III
Berthold, Tiano & O'Dell
P. O. Box 3508
Charleston, West Virginia 25335
rberthold@intelos.net
  *Counsel for Plaintiffs*

David B. Thomas (WV Bar No. 3731)
Philip J. Combs (WV Bar No. 6056)
Zackary B. Mazey (WV Bar No. 10027)
Nicholas S. Johnson (WV Bar No. 10272)
ALLEN GUTHRIE & THOMAS, PLLC
500 Lee Street, East, Suite 800
P. O. Box 3394
Charleston, WV  25333-3394
(304) 345-7250